

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
12/09/2009

| | | |
|---|---|---|
| IN RE: | § | |
| MARVIN E. MOYE; dba JMW AUTO | § | CASE NO: 07-37770 |
| SALES, LTD; dba JMW AUTO SALES, LLC; | § | |
| dba JMW GROUP INVESTMENTS, LTD.; | § | |
| dba JMW AUTO TRANSPORT, LLC; dba | § | |
| JMW AUTO SALES; dba JMW RETAIL | § | |
| AUTO SALES, LTD., *et al* | § | |
| Debtor(s) | § | |
| | § | CHAPTER 7 |
| | § | |
| LOWELL T CAGE | § | |
| Plaintiff(s) | § | |
| | § | |
| VS. | § | ADVERSARY NO. 09-3265 |
| | § | |
| HARDY RAWLS ENTERPRISES LLC | § | |
| Defendant(s) | § | |

## ORDER DENYING MOTION TO STRIKE JURY DEMAND
## (DOC # 15)

In this adversary proceeding, the Chapter 7 Trustee ("Plaintiff") seeks to recover $143,167.37 from Defendant.

The related bankruptcy cases were filed in late 2007.

On May 20, 2008, Defendant filed proof of claim # 60 in bankruptcy case 07-37770. The proof of claim asserts an unsecured, non-priority claim for $200,000 and a secured claim for $1,566,012 for "Rev. Vehicle Sales."

On July 12, 2009, Plaintiff filed this adversary proceeding alleging that Debtor's loan payments to Defendant (i) are preferential transfers recoverable under §§ 547 and 550 of the Bankruptcy Code, (ii) are recoverable as fraudulent transfers under §§ 548 and 550 of the Bankruptcy Code, and (iii) are recoverable as fraudulent transfers under TEX. BUS & COM. CODE §§ 24.005 and 24.006. In paragraph 8 (footnote 1) of the complaint, Plaintiff alleges that his claim for recovery of $143,167.37 is related to Defendant's proof of claim # 60. Defendant's answer does not deny the relationship. Defendant demanded a jury trial.

The Trustee filed an objection to proof of claim # 60, and on July 22, 2009, in bankruptcy case number 07-37770, docket # 349, [1] the Court sustained the Trustee's objection. The order

---

[1] The memorandum opinion is docket # 348.

disallowing the claim effectively eliminated the proof of claim.  Therefore, there is currently no equitable process of "allowance and disallowance of claims" relating to this creditor.[2]

On October 23, 2009, Plaintiff filed docket # 15, a motion to strike the jury demand in this adversary proceeding.  The Trustee alleges that Defendant has no right to a jury trial because Defendant filed a proof of claim in the bankruptcy case related to the transactions that are the subject of the adversary proceeding.  Defendant filed a response (docket # 16) on November 9.[3]

A.   Right to Jury Trial in Bankruptcy Cases

Two relatively recent Supreme Court decisions discuss the right to jury trial in bankruptcy cases.  The current state of the law is set out well in 6-111 *Collier Bankruptcy Practice Guide* P 111.05:

> After *Granfinanciera*,[4] the following principles govern a party's entitlement to a jury trial in bankruptcy cases:
>
> First, the historical test of *Beacon Theaters*[5] and *Dairy Queen*[6] applies in bankruptcy cases; thus, the Seventh Amendment requires an analysis of whether the claim asserted and the remedy sought were historically "legal" or "equitable."
>
> Second, applying this test, if no proof of claim is on file for a transferee-defendant and the trustee seeks only a money judgment, the Seventh Amendment requires a jury trial, if requested, in a fraudulent transfer action.
>
> Third, if no proof of claim is on file for a transferee-defendant and the trustee seeks only a money judgment, the same reasoning applies in an action to recover a preference under section 547.
>
> Fourth, *Katchen v. Landy*[7] remains viable, and a creditor who has filed a proof of claim in the case has surrendered any Seventh Amendment right to a jury trial in connection with that claim. The claim allowance procedure in the bankruptcy court is a proceeding in equity…
>
> In a later case, *Langenkamp v. Culp*,[8] the Supreme Court in a *per curiam* opinion noted the relationship between the bankruptcy court's equitable

---

[2] The Court has not reviewed all dockets to determine whether there is a pending appeal of the disallowance of the claim.  If so, the result might or might not be different.

[3] The response was filed 3 days late, but the Court has considered the response as if it were timely filed and will address the issues raised in the response.

[4] *Granfinanciera v. Nordberg*, 492 US 33 (1989).

[5] Beacon Theatres v. Westover, 359 U.S. 500, 79 S. Ct. 948, 3 L. Ed. 2d 988 (1962).

[6] Dairy Queen v. Wood, 369 U.S. 469, 82 S. Ct. 894, 8 L. Ed. 2d 44 (1962).

[7] 382 U.S. 323, 86 S. Ct. 467, 15 L. Ed. 2d 391 (1966).

[8] 498 U.S. 42, 111 S. Ct. 330, 112 L. Ed. 2d 343, 23 C.B.C.2d 973 (1990).

> power to adjudicate and administer claims and the loss of the right to jury trial:
>
>> In *Granfinanciera* we recognized that by filing a claim against a bankruptcy estate the creditor triggers the process of "allowance and disallowance of claims," thereby subjecting himself to the bankruptcy court's equitable power. 492 U.S. at -- and n.14 ( slip. op. 22-24) (Citing *Katchen, supra,* at 336 ). If the creditor is met, in turn, with a preference action from the trustee, that action becomes part of the claims allowance process which is triable only in equity. *Ibid.* In other words, the creditor's claim and the ensuing preference action by the trustee become integral to the restructuring of the debtor-creditor relationship through the bankruptcy court's equity jurisdiction. *Granfinanciera, supra,* at -- (slip op. 22-23). As such there is no Seventh Amendment right to a jury trial… 492 U.S., at -- (slip op. 23).
>
> Courts have tied the loss of the jury trial right to claim administration rather than to the mere filing of a proof of claim by a creditor. As one court noted,
>
>> We conclude that neither precedent nor logic supports the proposition that either the creditor or the debtor automatically waives all right to a jury trial whenever a proof of claim is filed. For a waiver to occur, the dispute must be part of the claims-allowance process or affect the hierarchical reordering of creditors' claims. Even there the right to a jury trial is lost not so much because it is waived, but because the legal dispute has been transformed into an equitable issue.[9]

B.   Conclusion

Because the Court has adjudicated and has disallowed the proof of claim, the preference action is no longer part of the claims allowance process and therefore Defendant has a right to a jury trial.

The Motion to Strike Jury Demand (docket # 15) is denied.

SIGNED 12/09/2009.

_____
Wesley W. Steen
United States Bankruptcy Judge

---

[9] Germain v. Connecticut Nat. Bank, 988 F.2d 1323, 1330, 28 C.B.C.2d 947, 955 (2d. Cir. 1993).